# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued September 24, 2009        Decided January 26, 2010

No. 08-3012

UNITED STATES OF AMERICA,
APPELLEE

v.

RICARDO PALMERA PINEDA, ALSO KNOWN AS SIMON
TRINIDAD,
APPELLANT

On Petition for Rehearing

Before: GINSBURG and HENDERSON, *Circuit Judge*s, and
EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* GINSBURG.

*Circuit Judge* HENDERSON concurs in the judgment.

GINSBURG, *Circuit Judge*: Ricardo Pineda, a member of
the Colombian guerilla group Fuerzas Armadas
Revolucionarias de Colombia (FARC), was convicted of
violating 18 U.S.C. § 1203 (penalizing whomever "seizes or
detains and threatens to … continue to detain another person
in order to compel a ... governmental organization to do ...
any act as [a] … condition for the release of the person

detained, or … conspires to do so") based upon evidence he conspired with other members of the FARC to detain several American citizens to be used as bargaining chips in negotiations with the government of Colombia. During his trial the prosecution presented strong evidence of Pineda's guilt: Pineda was a member of the FARC; the FARC had designated Pineda to be one of its negotiators for the release of the Americans; Pineda admitted he went to Quito on behalf of the FARC to contact a U.N. representative and to deliver a message that the FARC wanted to negotiate prisoner exchanges; and Pineda acknowledged that, when he went to Quito, he agreed with the FARC's policy that prisoners would not be released unless the FARC got something in exchange from the government of Colombia. It was also undisputed that the FARC captured the Americans in order to compel the Colombian government to take certain acts. The prosecution also presented — and the district court admitted over objection — evidence of crimes committed by the FARC in which Pineda played no role.

When we affirmed Pineda's conviction we explained that, although the district court erred by admitting evidence of crimes in which Pineda was not involved, the error was harmless. Specifically, we wrote: "The Government's case was strong enough that we cannot say it is 'highly probable' the error had a 'substantial and injurious effect or influence in determining the jury's verdict.' *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)." *United States v. Pineda*, No. 08-3012, 2009 WL 3416344, at *1 (Oct. 5, 2009).

In petitioning for rehearing, Pineda calls our attention to an inconsistency in the way this circuit has restated the standard established in *Kotteakos v. United States*, 328 U.S. 750 (1946), for our review of non-constitutional harmless error. In some cases, including this one, we have seemingly

asked whether it is "highly probable" an error had a "substantial and injurious effect or influence in determining the jury's verdict." *See, e.g.*, *United States v. Harris*, 491 F.3d 440, 452 (2007). In other cases we have articulated a less demanding standard for deeming an error harmless. *See, e.g.*, *United States v. Bailey*, 319 F.3d 514, 519 (2003) ("fair assurance ... that the judgment was not substantially swayed by the error"); *United States v. Lampkin*, 159 F.3d 607, 613 (1998) (no "real possibility that the [error] had a substantial effect on the jury's verdict"). In still other cases we have seemingly dispensed with the concept of probability, asking only whether an error had "a substantial and injurious effect or influence in determining the jury's verdict." *See, e.g.*, *United States v. Bentley*, 489 F.3d 360, 363 (2007).

The "highly probable" version of the standard for harmless error, to which Pineda objects, is indeed less faithful to the text and to the reasoning of *Kotteakos* than are the other above-quoted versions of the standard. Although the Court in *Kotteakos* did ultimately determine in that case it was "highly probable that the error had substantial and injurious effect or influence in determining the jury's verdict," 328 U.S. at 776, it does not follow that a lower probability of injurious effect would have made the error harmless. Earlier in its opinion the Court discussed more directly how we are to determine whether an error is harmless:

> [I]f one cannot *say, with fair assurance*, after pondering all that happened without stripping the erroneous action from the whole, that *the judgment was not substantially swayed by the error*, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the

> phase affected by the error. It is rather, even so, *whether the error itself had substantial influence. If so, or if one is left in grave doubt*, the conviction cannot stand.

328 U.S. at 765 (emphases added).

We need not determine today which of this court's versions of the standard for harmless error is most faithful to *Kotteakos*; in this case the admission of evidence about the FARC was harmless under any version of that standard. Suffice it to say that, after "pondering all that happened without stripping the erroneous action from the whole," we are satisfied that "the judgment was not substantially swayed by the error." *Kotteakos*, 328 U.S. at 765. Accordingly, our original judgment is amended by deleting the phrase "it is 'highly probable,'" but our conclusion remains the same.

Pineda also suggests, based upon the same phrase in our judgment, that we placed the burden of proving harmlessness upon the defendant rather than upon the Government. It is clear the Government bears the burden of proving harmlessness, *e.g.*, *United States v. Simpson*, 430 F.3d 1177, 1184 (D.C. Cir. 2005), and nothing in the judgment indicates otherwise.

In sum, the judgment is amended as indicated above and the petition is

*Denied.*